**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

LARRY JASON HOOD,            :
                                 :
       Petitioner,         :
v.                            :       Case No. 1:25-cv-96-WLS-ALS
                                 :
Warden TEKETA JESTER,     :
                                 :
       Respondent.      :
_____

**ORDER AND RECOMMENDATION**

Petitioner Larry Jason Hood, an inmate currently confined at Baldwin State Prison in Hardwick, Georgia, filed a *pro se* application for habeas relief under 28 U.S.C. § 2254. (Doc. 1). Pending before the Court are Respondent's Motion to Dismiss the habeas petition as untimely and for failure to exhaust state remedies, and Petitioner's Motions to withdraw his plea agreement and to appoint counsel. (Docs. 16, 18, 21, 26). For the reasons stated below, Petitioner's Motions to Appoint Counsel are denied. The Court recommends that Respondent's Motion to Dismiss be granted, Petitioner's Motion to withdraw his plea agreement be denied, and the Petition be dismissed as untimely.

**BACKGROUND**

On November 2, 2020, Petitioner was indicted by a Decatur County, Georgia, grand jury for one count each of malice murder (Count 1), felony murder (Count 2), aggravated assault (Count 3), kidnapping (Count 4), false imprisonment (Count 5), making a false statement (Count 6), possession of a Schedule I controlled substance (Count 7), and false report of a crime (Count 8). (Doc. 19-1). On February 10, 2022, Petitioner pled guilty to malice murder (Count 1), aggravated assault (Count 3), making a

false statement (Count 6), and possession of a Schedule I controlled substance (Count 7). (Doc. 19-2). The state trial court sentenced Petitioner to life with parole plus twenty (20) years. *Id.*

On April 12, 2022, Petitioner filed a motion to withdraw his guilty plea, asserting that his guilty plea was not knowingly and voluntarily made. (Doc. 19-3). On October 6, 2022, the state trial court denied Petitioner's motion to withdraw his guilty plea. (Doc. 19-4). On March 7, 2023, the Supreme Court of Georgia affirmed the state trial court's denial of Petitioner's motion to withdraw his guilty plea, vacated Petitioner's conviction for aggravated assault (Count 3) because that count merged with Petitioner's conviction for malice murder (Count 1), vacated Petitioner's conviction for possession of a Schedule I controlled substance (Count 7) because the state trial court sentenced Petitioner to a sentence in excess of that allowed by statute on that count, and remanded to the state trial court for resentencing. (Doc. 19-6). On May 16, 2023, the state trial court resentenced Petitioner to life with parole plus eight (8) years. (Doc. 19-7). Petitioner did not appeal his resentencing.

On March 21, 2025, Petitioner filed this federal habeas petition asserting claims of ineffective assistance of counsel, that his guilty plea was not knowingly and voluntary made, and that trial counsel was racially prejudiced against him. (Doc. 1). On November 17, 2025, Respondent moved to dismiss the Petition as untimely and for failure to exhaust state remedies. (Doc. 18). On December 15, 2025, the Court received an unsigned Response from Petitioner to the Motion to Dismiss. (Doc. 28). The Clerk issued a notice of deficiency requiring Petitioner to file a signed copy of his Response. Petitioner failed to timely comply. After the Court issued an Order to Show Cause notifying Petitioner that his failure to submit a signed Response could result in the Court finding Respondent's

Motion to Dismiss unopposed, Petitioner filed a signed copy of his Response. (Docs. 32, 33). Briefing has concluded, and the Motion to Dismiss is ripe for a recommendation.

**DISCUSSION**

## I.     The Applicable Limitations Period

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must file a federal habeas petition challenging his state conviction within one-year of his conviction becoming final. 28 U.S.C. § 2244(d)(1). This limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id*. § 2244(d)(1)(A). Additionally, the limitations period is tolled while a petitioner's "properly filed application" for state habeas relief is pending. *Id*. § 2244(d)(2). Thus, to determine whether a petition was timely filed, the Court "must determine (1) when the collateral motion was filed and (2) when the judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (alterations adopted) (citation and quotation marks omitted).

## II.     Analysis

Petitioner's application for federal habeas relief is untimely. Since Petitioner did not seek a direct appeal of his convictions following resentencing, his convictions became final for AEDPA purposes when the time for seeking such review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In Georgia, Petitioner had thirty (30) days from the entry of final disposition of his resentencing to file a timely notice of appeal. O.C.G.A. § 5-6-38(a). The state trial court resentenced Petitioner on May 16, 2023. Thus, Petitioner's conviction became final on June 15, 2023. Accordingly, Petitioner had until

June 17, 2024[1] to either file a federal habeas petition or toll the one-year period of limitations by properly filing a state collateral attack. Petitioner did not file this federal habeas petition until March 21, 2025,[2] more than nine (9) months after the expiration of the limitations period. Consequently, Petitioner's federal habeas petition is untimely under the AEDPA limitations period, and his petition should be dismissed unless he can show that he is entitled to equitable tolling of the limitations period.

## III.    Equitable Tolling

Petitioner is not entitled to equitable tolling. The one-year AEDPA limitations period is subject to equitable tolling only in certain situations. *Holland v. Fla.*, 560 U.S. 631, 645 (2010). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation marks omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Petitioner has not explicitly moved for application of equitable tolling, but construing his Response to the Motion to Dismiss liberally, he appears to argue that he was not told to file post-conviction motions, that he has "minor brain damage[,]" and that he did not file an appeal because he did not receive a letter from his attorney telling him that he had thirty (30) days to appeal. (Doc. 33). However, the AEDPA limitations period

---

[1] The limitations period for AEDPA purposes expired on June 15, 2024, a Saturday. As a result, Petitioner had until June 17, 2024 to file his federal habeas petition or state collateral attack. Fed. R. Civ. P. 6(a)(1)(C).

[2] Although the Court received Plaintiff's federal habeas petition on June 23, 2025, he signed it on March 21, 2025. (Doc. 1, at 7). Under the prison mailbox rule, a prisoner's *pro se* "§ 2254 petition is deemed filed on the date it was delivered to prison authorities for mailing." *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1293 n.4 (11th Cir. 2008) (citing *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999)), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545 (2011).

had already expired more than nine (9) months before Petitioner filed his federal habeas application. Thus, even if the Court assumed that Petitioner alleged an extraordinary circumstance stood in his way because he had not been told to file post-conviction motions,[3] he has not shown that he was pursuing his rights diligently. Petitioner's last alleged attempt to pursue his rights occurred sometime after he filed his appeal in 2022. *Id*. at 1.

To the extent Petitioner asserts that he has minor brain damage, any such injury has not been an impairment to Petitioner's ability to pursue his rights in this case. Further, Petitioner filed cogent – if mistaken – motions to appoint counsel and to withdraw his guilty plea, and he presented his arguments such that the Court could consider them. While Petitioner has been ordered to show cause twice, he has responded appropriately. Accordingly, the Court finds that Petitioner has not shown that his alleged brain damage is an extraordinary circumstance. Therefore, the Court recommends that Respondent's Motion to Dismiss be granted and Petitioner's federal habeas application be dismissed as untimely.

Because the Court finds that Petitioner's federal habeas application is untimely, the Court declines to address Respondent's alternative ground for dismissal. Further, because the Court recommends that Petitioner's federal habeas application be dismissed as untimely, the Court also recommends that Petitioner's Motion seeking to withdraw his guilty plea (Doc. 16) be denied as moot.

---

[3] Of course, mere ignorance of deadlines is <u>not</u> an extraordinary circumstance that warrants application of equitable tolling of the AEDPA limitations period. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (noting that the habeas petitioner's "lack of education may have delayed his efforts to vacate his state conviction," but "reiterating that 'procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness.'" (alteration in original) (quoting *Johnson v. United States*, 544 U.S. 295, 311 (2005)). And importantly, "*pro se* representation alone" cannot show reasonable diligence when challenging a state conviction. *Johnson*, 544 U.S. at 311.

**IV.    Petitioner's Motions to Appoint Counsel**

Petitioner filed two (2) Motions to Appoint Counsel. (Docs. 21, 26). Appointment of counsel is only required under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts if an evidentiary hearing is required. Since the Court recommends that Respondent's Motion to Dismiss be granted and that Petitioner's federal habeas application be dismissed as untimely, no evidentiary hearing is necessary at this time. Accordingly, Petitioner's Motions to Appoint Counsel (Doc. 21, 26) are **DENIED**.

**V.    Certificate of Appealability**

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and a certificate of appealability in this case should be denied.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motions to Appoint Counsel (Docs. 21, 26) are **DENIED**. It is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 18) be **GRANTED**, Petitioner's Motion seeking to withdraw his guilty plea (Doc. 16)

6

be **DENIED as moot**, and Petitioner's application for a writ of habeas corpus (Doc. 1) be **DISMISSED as untimely**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 14th day of April, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE