**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **LARRY JASON HOOD,** | : | |
| | : | |
| **Petitioner,** | : | **CASE NO:** |
| **v.** | : | **1:25-cv-96–WLS-ALS** |
| **WARDEN TEKETA JESTER,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## ORDER

Before the Court is the Order and Recommendation (Doc. 35) ("Recommendation") filed April 14, 2026, by United States Magistrate Judge Alfreda L. Sheppard. Therein, Judge Sheppard recommends that:

1. Respondent's Motion to Dismiss Petition as Untimely and/or for Lack of Exhaustion (Doc. 18) ("Motion to Dismiss") be granted;
2. Petitioner Larry Jason Hood's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, as supplemented (Docs. 1, 20) ("Petition"), be dismissed as untimely; and
3. Petitioner's motion to withdraw plea agreement (Doc. 16) ("Motion to Withdraw") be denied.

Judge Sheppard notified the parties that they had fourteen days within which to file an objection to the Recommendation. Neither party did so. (*See* Doc. 35 at 6–7 & Docket). Thus, the Court reviews the Recommendation for clear error.[1]

[1] 28 U.S.C. § 636(b) provides that "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted)).

## I. DISCUSSION

### A. Motion to Dismiss

The Court has thoroughly considered the Respondent's Motion to Dismiss, Petitioner's Response (Docs. 28, 33, 34), and the Recommendation. The Court agrees with Judge Sheppard's calculation of the deadline within which Petitioner was required to file his federal habeas petition under 28 U.S.C. § 2244(d)(1). According to that calculation, Petitioner's Petition for Writ of Habeas Corpus was due no later than Monday, June 17, 2024. He did not file his Petition until March 21, 2025. Thus, his Petition was untimely. The Court further agrees that Petitioner was not entitled to equitable tolling of the limitations period. Thus, Respondent's Motion to Dismiss (Doc. 18) is **GRANTED** as the Petition was untimely filed and the Petition is **DISMISSED**.[2]

### B. Motion to Withdraw

The Court further agrees that with the dismissal of the Petition for Writ of Habeas Corpus, the Petitioner's Motion to Withdraw his plea agreement is moot. Thus, the Motion to Withdraw (Doc. 16) is **DENIED**.

## II. CONCLUSION

Upon full review and consideration of the Record, the Court finds no clear error, and that Judge Sheppard's Recommendation (Doc. 35) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for the reason of the findings made and reasons stated therein. Accordingly, Respondent's Motion to Dismiss Petition as Untimely and/or for Lack of Exhaustion (Doc. 18) is **GRANTED** on the basis that the Petition for Writ of Habeas Corpus was untimely. Petitioner's Petition for Writ of Habeas Corpus, as supplemented (Docs. 1, 20) is **DISMISSED**. Further, Petitioner's Motion to Withdraw plea agreement (Doc. 16) is **DENIED**.

## III. CERTIFICATE OF APPEALABILITY

Judge Sheppard recommends denial of a certificate of appealability. (Doc. 35 at 6). A district court may issue a certificate of appealability "only if the applicant has made a

[2] Having found the Motion to Dismiss should be granted as the Petition was filed untimely, the Court declines to consider whether the Petition should be dismissed based on Respondent's alternative basis of lack of exhaustion.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, the applicant must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner failed to file an objection to Judge Sheppard's Recommendation of the denial of a certificate of appealability. After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, the Court agrees with Judge Sheppard's Recommendation and **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 14th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COUR**